# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. KING, | CV F 05-1053 OWW DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| SMITH, Warden, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

### BACKGROUND

On August 3, 1999, Petitioner was arrested by Alaska officials for possessing cocaine base. Petition, at 3. He was released on bail that same day. Id. Subsequently, on August 17, 1999, a grand jury in the District of Alaska charged Petitioner with one count of possession of cocaine base and a warrant was issued for his arrest. Id.; 21 U.S.C. § 844(a). The State of Alaska dropped the charges two days later.

On February 18, 2000, the Anchorage Police Department arrested Petitioner on unrelated charges. Id. On the same day, the United States Marshal ("USM") issued a detainer against Petitioner on the federal charges. Petition, Exhibit J.

---

[1] As Respondent submits, at the time Petitioner filed the instant petition, Paul Schultz was the warden, however, he has since been replaced by Warden Smith. Accordingly, Smith is hereby substituted as the Respondent for Schultz. Fed. R. Civ. P. 25(d)(1).

1

Petitioner was not immediately arrested on the federal charges; rather, on March 1, 2000, the State of Alaska filed an Information charging Petitioner with eluding a police officer, reckless driving, and filing a false police report. Then, on June 1, 2000, the State released Petitioner to the temporary custody of the USM pursuant to the writ of <u>habeas corpus ad prosequendum</u> so that Petitioner could be prosecuted on the federal charges. Attachment 1 to Answer.

Petitioner was arraigned in federal court on June 1, 2000, and detained pending trial. <u>Id</u>. On August 29, 2000, Petitioner pled guilty to felony possession of cocaine base. <u>Id</u>.; 21 U.S.C. § 844(a). On November 28, 2000, Petitioner was sentenced to 84 months imprisonment, three years of supervised release, and a $100.00 penalty assessment. <u>Id</u>.; Attachment 2 to Answer.

Petitioner was not sentenced on the state charges until May 21, 2001, and was sentenced to a three year term. Petition, Exhibit A. The term expired on February 17, 2002. Attachment 2 to Answer, ¶¶ 3, 4. Petitioner was then released to the USM to begin serving his federal sentence. <u>Id</u>.

Petitioner filed the instant petition for writ of habeas corpus on August 17, 2005. On September 18, 2006, Respondent filed an answer to the petition, and Petitioner filed a response on September 29, 2006. (Court Docs. 12, 13.)

DISCUSSION

I.    <u>Standard of Review</u>

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See e.g. Clark v. Floyd, 80 F.3d 371,

1  372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward
2  federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a
3  community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in
4  determining whether petitioner could receive credit for time spent in state custody); Brown, 610
5  F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).  A
6  petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition
7  in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.  At the time the
8  instant petition was filed, Petitioner was in the custody of the U.S. Bureau of Prisons at Atwater,
9  California, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 2241(d).

10  II.      Exhaustion Administrative Remedies
11          Before filing a petition for writ of habeas corpus, a federal prisoner challenging any
12  circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v.
13  Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308,
14  1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that
15  federal prisoners exhaust administrative remedies before filing a habeas corpus petition was
16  judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir.
17  1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional."  Id.  If
18  Petitioner has not properly exhausted his claims, the district court, in its discretion, may either
19  "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his
20  administrative remedies before proceeding in court."
21          "The government does not challenge any possible defects in King's exhaustion of his
22  remedies."  (Answer, at 3:14-15.)
23  III.    Custody Time Credit
24          Petitioner contends that the Bureau of Prisons (BOP) should give him credit toward his
25  federal sentence for the time he was in federal custody pursuant to the writ ad prosequendum.
26  Petition, at 10.
27          A federal sentence does not begin to run when a federal defendant is produced from state
28  custody for federal prosecution pursuant to a federal writ of habeas corpus ad prosequendum.

Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir. 1991). As Respondent submits, although Petitioner was in the physical custody of the USM during the time the federal writ was pending, he was still in the primary custody of the State of Alaska, which had not relinquished its jurisdiction by temporarily surrendering physical custody to the federal government. Id.; United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980) (discussing priority of custody and service as between state and federal sovereigns).

Further, Petitioner has already received credit toward his state sentence for his time in federal custody pursuant to the writ of habeas corpus ad prosequendum . Attachment 2 to Answer, ¶ 4. Subsequent to Petitioner's release on state charges in 1999, he was arrested by Alaska authorities for reckless driving, eluding a police officer, and filing a false police report on February 8, 2000. On June 1, 2000, he was released to federal court pursuant to a writ of habeas corpus ad prosequendum. The time that Petitioner was in the temporary custody of the USM was applied to his state sentence. Id. Accordingly, at the time Petitioner started serving his federal sentence on February 17, 2002, he had already completed his state sentence.

Petitioner is not entitled to double credit against his federal sentence, pursuant to 18 U.S.C. § 3585(b). Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1) as a result of the offense for which the sentence is imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).

Petitioner relies on the case of McCarthy v. Doe, 146 F.3d 118 (2d Cir. 2005). There, as Respondent submits, it was held only that the BOP has the power to designate a state facility as the place where a federal sentence could be served. Id. at 122-123. The BOP is not required to make this designation. Id. In fact, the Second Circuit has clarified that it will not "lightly second guess a deliberate and informed decision by the [BOP]." Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 76 (2d Cir. 2005); quoting Taylor v. Sawyer, 284 F.3d 1143, 1149 (9th Cir. 2002).

4

Here, the BOP considered Petitioner's request to have his federal sentence be deemed concurrent nunc pro tunc with his state sentence. Petition, Exhibit A. BOP staff verified that the State of Alaska had indeed given Petitioner custody credit for the entire time between the date of his arrest on February 18, 2000, and his release to federal custody on February 17, 2002. Attachment 2, ¶ 4. Although the federal district court could not have imposed the federal sentence to be consecutive with his state sentence that had not yet been imposed, the State of Alaska did not impose the state sentence to run concurrent with the federal sentence. See United States v. Clayton, 927 F.3d 491, 493 (9th Cir. 1991) ("[A]s a matter of statutory construction, we interpret the 'already subject to' provision of section 3582(a) as only granting federal courts the power to sentence consecutive to a previously imposed term of imprisonment.")[2] Here, the judgment by the District Court was silent as to whether it was concurrent or consecutive, and although the BOP staff contacted the Assistant United States Attorney who prosecuted the federal case, who stated that it was left intentionally silent with the understanding that it was a consecutive sentence, the transcript of Petitioner's state sentence clearly demonstrates that the state court judge did not intend for his sentence to run concurrent with his federal sentence. Attachment 2 to Answer, ¶ 5 & Exhibit 2, Petition, Exhibit I. To the contrary, the state judge recommended that Petitioner be paroled to the federal authorities only after "[Petitioner] is released from his presumptive sentence." Petition, Exhibit I, line 7. Nothing in the federal court's judgment bound the state court from imposing a concurrent sentence.

Petitioner's claim that he should be given credit for the time he was subject to the detainer because the state offense was one in which he could have posted bail, is likewise without merit. Petition, at 8-9. He claims the presence of the detainer made it impossible for him to post bail and rendered his pretrial custody federal in nature. Id. As Respondent correctly

---

[2] There currently exists a split among the circuit courts as to whether the sentencing court has the authority to impose a consecutive sentence to a future sentence, not yet imposed. *Compare* Romandine v. United States, 206 F.3d 731 (7th Cir. 2000) (district court does not have such authority); United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998) (same); United States v. Smith, 472 F.3d 222 (4th Cir. 2006) (same), *with* United States v. Hernandez, 234 F.3d 252 (5th Cir. 2000) (district courts do have such authority); United States v. Williams, 46 F.3d 57 (10th Cir. 1995) (same); Salley v. United States, 786 F.2d 546 (2d Cir. 1986) (same); United States v. Ballard, 6 F.3d 1502 (11th Cir. 1993) (same). .

argues, because Petitioner has received custody credit of this time toward his state sentence, his claim is meritless. Specifically, in Smith v. U.S. Parole Commission, 875 F.2d 1361 (9th Cir. 1989), the prisoner committed a state crime while on federal parole. Id. at 1362. He was initially arrested by the State and bail was set to which he could not afford. Id. The Parole Commission had previously issued an arrest warrant and subsequently placed a detainer against him after his arrest. Id. The prisoner was sentenced to a state term to be run concurrent with his federal sentence and afforded him state credit for the time he had previously spent in state custody. Id. at 1363. The prisoner argued, among other things, that if he was able to post bail, he would have been taken into federal custody and would have then been afforded federal credit for the time he spent in pretrial custody. Id. at 1365. The Court rejected his argument, since he had received credit against his state sentence, and was therefore not deprived of any enforceable right. Id. This argument only has potential merit, if the prisoner does not get credit for pretrial custody time against any sentence at all, i.e. "dead time." Id.

As Respondent submits, the same logic applies here. Petitioner was in state custody when the federal government borrowed him on the writ. He was given credit against his sentence for the entire time in pretrial custody. Accordingly, he suffered no "dead time" and no double credit against his federal sentence is due. Id.

Petitioner's argument that he should be given credit for his state time under the holding in Willis v. United States, 438 F.2d 923 (5th Cir. 1971), is likewise without merit. Willis is inapplicable here. The Fifth Circuit Court of Appeals has clarified that Willis only applies to situations where the state court specifies that its sentence should run concurrent with the federal sentence. Radcliffe v. Clark, 451 F.2d 250, 252 (5th Cir. 1971). Here, as state above, the State of Alaska did not impose the state sentence to be run concurrent to the federal sentence.

Petitioner's reliance on United States v. Neely, 38 F.3d 458 (9th Cir. 1994), is misplaced. There, it was held that in order for a guilty plea to be knowing and intelligent, the district court must advise a defendant, who is concurrently in state custody pending state charges, that it cannot impose a concurrent federal sentence to any state sentence that has not yet been imposed. Here, Petitioner is not, and cannot, challenge the voluntariness of his guilty plea; rather, Petitioner is

simply challenging the execution of his sentence.[3]  As such, Neely is inapplicable.

In sum, all the time spent by Petitioner in custody prior to February 17, 2002, was credited toward the application of his state sentence for crimes unrelated to the federal charges of which he was sentenced under federal law.  Therefore, the BOP's refusal to credit such time toward his federal prison sentence was not contrary to the law.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and
2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 3, 2007**                                    **/s/ Dennis L. Beck**
                                                                                    UNITED STATES MAGISTRATE JUDGE

---

[3] Such a challenge to the validity of his conviction must be raised by way of motion filed under 28 U.S.C. § 2255, in the sentencing court.